| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

cc: order, docket, remand letter to Los Angeles Superior Court, Northwest District, Van Nuys, No. 11 B 08213

**CASE NO.:** CV 12-3669 SJO (SHx)  **DATE:** May 31, 2012

**TITLE:** The Bank of New York Mellon v. Robert Lee, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** [Docket No. 1]

On December 29, 2011, Plaintiff The Bank of New York Mellon ("Plaintiff") filed its Complaint for Unlawful Detainer ("Complaint") in California state court. On April 27, 2012, Defendant Nancy Phillips filed a Notice of Removal ("Notice") and removed this action from Los Angeles County Superior Court to the Central District of California. For the following reasons, the Court **REMANDS** the case to Los Angeles County Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The Complaint sets forth the following allegations. Plaintiff is a corporation authorized to do business in California. (Compl. ¶ 1, ECF No. 1.) Plaintiff is the owner of the property located at 12903 Dickens Street, Studio City, California 91604 (the "Property"). (Compl. ¶ 1.) Defendants Robert Lee and Shirley Nicholas were the original trustors under a deed of trust which secured the Property. (Compl. ¶ 5.) The deed of trust contained a power-of-sale clause that allowed the trustee to proceed with a non-judicial foreclosure in the event of default. (Compl. ¶ 5.) Plaintiff bought the Property at a trustee's sale. (Compl. ¶ 6.)

On December 16, 2011, after Plaintiff obtained legal title to the Property, Plaintiff served on Defendants Lee, Nicholas, and "all others in possession" a Notice to Quit, which allowed tenants or subtenants thirty or ninety days to vacate the Property[1] and gave the previous owner and all other potential occupants three days to vacate the premises from the date of service of the Notice to Quit. (Compl. ¶ 8.) More than three days elapsed after service of the Notice to Quit, but

---

[1] If any party to the deed of trust remained in the Property as a tenant or occupant, then any tenant or subtenant in possession of the Property had thirty days to vacate after service of the Notice to Quit. Otherwise, tenants or subtenants in possession were given ninety days to vacate. (*See* Compl., Exhibit B)

Case 2:12-cv-03669-SJO-SH Document 13 Filed 05/31/12 Page 2 of 4 Page ID #:160

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 12-3669 SJO (SHx)  **DATE:** May 31, 2012

possession of the property was not delivered to the Plaintiff. (Compl. ¶ 10.) As a result, Plaintiff filed its Complaint against the Defendants in Los Angeles County Superior Court on December 29, 2011, demanding possession of the Property. (Compl. ¶11.)

The Complaint named Robert Lee, Shirley Nicholas, and Does 1-10 as defendants. (*See generally* Compl.) Defendants Lee and Nicholas have judgments against them such that they are no longer participants in this litigation. (Notice ¶ 2, ECF No. 1.) Defendant Nancy Phillips filed a pre-judgment claim of right to possession in state court, which allowed her to intervene as a valid defendant in the action under California law. (Notice ¶ 3.) On April 27, 2012, Defendant Phillips removed the action to this Court on the basis of federal question jurisdiction, contending that the action is preempted by the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220 *et seq.* (*See generally* Notice.)

II. DISCUSSION

    A. *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists.

    B. Legal Standard for Removal

Under this Court's removal jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States..." 28 U.S.C. § 1441(a) (2006). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal to federal district court means "that the defendant always has the burden of establishing that removal is proper." *Id*.

    C. Federal Question Jurisdiction

Defendant's Notice asserts that this Court has subject matter jurisdiction over this action based on federal question jurisdiction. (Notice ¶¶ 5-6.) Defendant argues the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220 *et seq.*, preempts Plaintiff's state law cause of action as to "bona fide [r]esidential tenants of foreclosed landlords." (Notice ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-3669 SJO (SHx)     DATE: May 31, 2012

Federal district courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983); *see also Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006).

The "well-pleaded complaint" rule applies with equal force to the removal jurisdiction of the district courts. *Franchise Tax Bd.* at 11 n.9. Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim, including the defense of preemption. *See Caterpillar Inc., v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's claim does not state a federal cause of action. Plaintiff's unlawful detainer claim is based strictly upon California law. (*See generally* Compl.) Defendant's argument that the PTFA preempted California law as to Plaintiff's claims against residential tenants of foreclosed landlords is best characterized as a federal defense or a potential counter-claim, neither of which is considered when determining federal question jurisdiction. "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd.*, 463 U.S. at 14). As another district court stated, unless "the complaint assert[s] a current right to possession conferred by federal law, wholly independent of state law, ejectment is a state-law cause of action that provides no basis for federal question jurisdiction notwithstanding the existence of defenses under federal law." *HSBC Bank USA, N.A. v. Gavia*, No. 12-CV-2156, 2012 U.S. Dist. LEXIS 36125, at *3 n.1 (C.D. Cal. Mar. 16, 2012) (internal quotation marks omitted) (quoting *Oneida Indian Nation v. Oneida County, N.Y.*, 414 U.S. 661, 665-66 (1974)).

Moreover, other district courts facing similar situations have consistently held that a federal defense based on the assertion that the PTFA preempts state law cannot serve as a basis for removal jurisdiction. *E.g., Aurora Loan Servs., LLC v. Montoya*, No. 11-CV-2485, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, No. 10-CV-2108, 2010 WL 4809661, at *1-3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. 10-CV-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Servs., LLC v. Martinez*, No. 10-CV-1260, 2010 WL 1266887, at *1 (N.D. Cal. Mar.29, 2010); *MTI Capital Inc. v. Jock Edward Mckaba*, No. 11-CV-6725, slip op. at 4 (C.D. Cal. Sept. 13, 2011); *Gavia*, 2012 U.S. Dist. LEXIS 36125, at *1-4.

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-3669 SJO (SHx)</u>     DATE: <u>May 31, 2012</u>


Plaintiff's Complaint does not provide this Court with subject matter jurisdiction because the Complaint does not arise under the Constitution, laws, or treaties of the United States.

III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court **REMANDS** the instant action to Los Angeles County Superior Court.  This action shall close.

IT IS SO ORDERED.